**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

In Re:

EL RANCHO NO TENGO, INC.,      Bankruptcy Case No. 3:08-bk-7279-PMG

    Debtor.
_____

EL RANCHO NO TENGO, INC.,

    Appellant,

v.      Case No. 3:15-cv-74-J-34

SUWANNEE RIVER WATER
MANAGEMENT DISTRICT,

    Appellee.
_____/

**O R D E R**

This case is before the Court sua sponte. On January 21, 2015, Jeffrey L. Hill, Sr. (Hill) filed a Notice of Appeal (Doc. No. 1; Notice) seeking to appeal from an Order entered by the United States Bankruptcy Court for the Middle District of Florida as the real party in interest and successor in interest to debtor, El Rancho No Tengo, Inc. (El Rancho). Upon review of the Notice, the Court concluded that Hill intended to proceed pro se on El Rancho's behalf, which is impermissible. See Order (Doc. No. 3). Indeed, it is "well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985); see also Local Rule 2.03(e), Local Rules, United States District Court for the Middle District of Florida ("A corporation may appear and be heard only through counsel

admitted to practice in the Court pursuant to Rule 2.01 or Rule 2.02."). This is true "even where the person seeking to represent the corporation is its president and major stockholder." See Palazzo, 764 F.2d at 1385. Because the Notice was not signed by an attorney, it was not properly filed and this appeal is not properly before the Court. See SEC v. Merchant Capital, LLC, 486 F. App'x 93, 94 n.1 (11th Cir. 2012).

Although the Court directed El Rancho obtain representation and have an attorney file a notice of appearance by Friday, March 13, 2015, it has not done so. See Order (Doc. No. 3). Instead, again acting on El Rancho's behalf, Hill filed Appellants Request for Consideration (Doc. No. 6; Request), which the Court construes as a Motion for Appointment of Counsel. See Request at 3. Generally, a civil litigant has no constitutional right to appointment of counsel. See Steele v. Shah, 87 F.3d 1266, 1271 (11th Cir. 1996). "The appointment of counsel is instead a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance" of counsel. See Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). The Court does not find such exceptional circumstances to be present in the instant case and the Request is due to be denied. Nonetheless, the Court will give El Rancho one final opportunity to obtain counsel.

Accordingly, it is hereby **ORDERED**:

1. Appellant's Request for Consideration (Doc. No. 6), which the Court construes as a Motion for Appointment of Counsel, is **DENIED**.

2. If Appellant El Rancho No Tengo, Inc. wishes to pursue this appeal, an attorney admitted to practice before this Court must file a notice of appearance no later than

**Monday, May 4, 2015**. Failure to do so will result in the striking of the Notice of Appeal and the dismissal of this appeal.

**DONE AND ORDERED** in Jacksonville, Florida, this 3rd day of April, 2015.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc16

Copies to:
Counsel of Record